IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**EDDIE WILLIAMS,**

    **Plaintiff,**

vs.                                         **CASE NO. 1:05CV57-MMP/AK**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's applications for disability insurance benefits (DIB) under Title II of the Act and for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

**A.**     **PROCEDURAL HISTORY**

Plaintiff filed applications for DIB and SSI on October 4, 1994, alleging a disability onset date of December 20, 1994, because of a seizure disorder.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who scheduled a hearing on April 8, 1996, but Plaintiff failed to appear and an Order of Dismissal was entered on December 31, 1996.  Plaintiff requested Review by the Appeals Council claiming that he never

received notice of the hearing and the case was remanded to the ALJ, who held a hearing on February 23, 1999. An unfavorable decision followed on April 13, 2000. The Appeals Council denied a request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

B.   **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff's seizure disorder was severe within the meaning of the regulations, but that it did not meet the Listings of Impairments and that the only limitations the condition imposes are as to working at unprotected heights and around moving machinery. ®. 14, 16). Plaintiff's past relevant work as a computer technician did not require work activities precluded by these limitations, thus, he was able to perform his past relevant work and was not under a disability. ®. 16).

C.   **ISSUES PRESENTED**

Plaintiff argues that the ALJ erred in finding that he was able to perform his past relevant work.

The government responds that the medical evidence did not support the number of seizures Plaintiff reported and the record was "devoid of any documented treatment for Plaintiff's seizure disorder between June 1995 and December 1999...." The reported seizures were the result of non-compliance with his medication and in one instance cocaine use. The only limitation imposed by any doctor of record relating to this condition is to avoid heights and moving machinery. Finally, Plaintiff reported that he had been working 35 hours as a pharmacy technician in spite of his seizure disorder, and there is nothing about his former work as a computer technician that would require him to work at unprotected heights or around moving machinery.

**No. 1:05CV57-MP/AK**

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

**D.     STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v.

**No. 1:05CV57-MP/AK**

Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted). The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal. Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps

**No. 1:05CV57-MP/AK**

him from performing his past work.  If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  <u>Chester v. Bowen</u>, 792 F.2d 129, 131 (11th Cir. 1986); <u>MacGregor v. Bowen</u>, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); <u>Myers v. Sullivan</u>, 916 F.2d 659, 676 (11th Cir. 1990).

**E.**     **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff's medical records show that he has been treated in the emergency room for seizures and related injuries six (6) times (11/93, 2/94, 6/94, 9/94, 2/95 and 6/95).  At least four of these visits were the result of non-compliance with his medication.  ®. 79-97, 98-111, 130-146).

He has had two consultative examinations and both doctors agreed that he had no limitations as a result of his condition, except to avoid heights and moving machinery.  ®. 112-121, 159-164).  In May 1995, Dr. Chodosh opined that Plaintiff needed better medical monitoring since he had not had his medication adjusted since 1993.  Dr. Das reported that Plaintiff was working at the time of the examination.  He prepared a Residual Functional Capacity Assessment and found no exertional

**No. 1:05CV57-MP/AK**

limitations, as did a non-examining state agency physician, utilizing treating source records. (R. 162-164, 122-129).

## F. SUMMARY OF THE ADMINISTRATIVE HEARING (held on February 23, 1999)

Plaintiff appeared with counsel who said more medical records would be forthcoming as Plaintiff was presently undergoing current treatment. (R. 167). No records were submitted after the hearing. Plaintiff said he had completed a one year training program as a pharmacy technician working 35 hours a week. The only reason he only worked a year and less than full time was because those were the parameters of the program. (R. 169). Plaintiff admits to being on Depakote and claimed that he had a seizure the day before the hearing. (R. 171). He describes Grand Mal seizures with blackouts and that he went to the hospital for two days in November, prior to the hearing. (R. 173). [There are no records of November 1998 hospital admission]. Plaintiff claims three to four seizures a year, and that after each seizure he needs two days to recover from them. (R. 173-174).

## G. DISCUSSION

A finding that a person can perform his past relevant work ends the five-step evaluation process at Step Four. 20 CFR § 404.1520(a)(4). While the ALJ *may* use the testimony of a vocational expert to supplement the claimant's own testimony about how past relevant work was performed, he may also rely on other sources, including his own description of that work, and is not required to call a vocational expert for Step Four analysis. 20 CFR § 404.1560(b).

**No. 1:05CV57-MP/AK**

Likewise, because the evaluation process did not proceed to Step Five, the ALJ was not required to assess whether Plaintiff met the Guidelines. The Guidelines only apply when a person cannot perform his past relevant work, and the Administration has the burden of showing that there are other jobs a person with her age, education, and work experience can perform.

The only evidence of record shows that Plaintiff suffers from no exertional limitations and can perform any work related task, except work involving heights and moving machinery. His past relevant work was as a computer technician, which he described as not involving either of those two activities. In fact, Plaintiff had worked successfully for one year as a pharmacy technician and only worked less than full time because he was in a training program limited to one year and 35 hours a week. Thus, the ALJ had substantial evidence to support his decision that Plaintiff could perform his past relevant work.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this **29th** of January, 2007.

        **S/ A. KORNBLUM**
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**No. 1:05CV57-MP/AK**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:05CV57-MP/AK**